Chris D. Barski (024321)
Richard A. Drake (025449)
**BARSKI DRAKE PLC**
14500 N. Northsight Blvd., Suite 200
Scottsdale, AZ 85260
Tel: (602) 441-4700
Fax: (602) 680-4305
cbarski@barskidrake.com
*Attorneys for Plaintiff Nancy Kohlerman*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| NANCY KOHLERMAN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>NO-APPOINTMENT M.D., an Arizona professional limited liability company,<br><br>Defendant. | Case No.<br><br>**COMPLAINT** |

The Plaintiff, Nancy Kohlerman, on behalf of herself and others similarly situated, brings this action against the Defendant, No-Appointment M.D. ("NAMD"), and hereby alleges as follows:

1.  This is a collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") to recover unpaid overtime, filed by the Plaintiff on behalf of all persons who at any time during the past three years and up and until the date of entry of judgment are or were employed by the Defendant as "Nurse Practitioners" or "Physician Assistants."

**JURISDICTION AND VENUE**

2.  This Court has jurisdiction pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue for this action properly lies in the District of Arizona pursuant to 28 U.S.C. § 1391(b) because the claim arose in this district.

**PARTIES**

4. The Plaintiff, Nancy Kohlerman, ("Kohlerman") is an individual residing in Phoenix, Arizona. The Plaintiff consents in writing to be a party to this collective action pursuant to 29 U.S.C. § 216(b).

5. The Defendant, No Appointment M.D. is an Arizona professional limited liability company located at 12235 N. Cave Creek Road, #9, Phoenix, Arizona 85022.

**FACTUAL BACKGROUND**

6. The Defendant is a primary care practice with 4 locations in the Phoenix area.

7. At all times, the wages and hours and all related employee compensation policies of the Defendant's facilities are and were dictated by, controlled by, and ratified by the Defendant.

8. The Plaintiff was an employee of the Defendant. Kohlerman was employed as a Nurse Practitioner at NAMD from on or about November 1, 2010 to on or about August 31, 2011. Plaintiff was paid entirely on an hourly basis, with her ultimate compensation determined by the number of hours she was scheduled in any given pay period.

9. The named Plaintiff and every other Physician Assistant ("PA") and Nurse Practitioner ("NP") employed by the Defendant were and are routinely required to work in excess of forty (40) hours per week or, alternatively, in instances where the Defendant entered into appropriate agreements or understandings with the employee (pursuant to Section 7(j) of the FLSA), more than 80 hours in any given two-week period or more than 8 hours in any day during such two-week period, without receiving overtime compensation. The Plaintiff and the other members of the alleged collective action class are not paid for overtime. Although the Plaintiff and the alleged collective action class are paid on an hourly basis, with their wages

entirely dependent upon the quantity of hours scheduled, the Defendant nevertheless treats them as "exempt" employees for purposes of the FLSA's overtime requirements.

10. This action is filed on behalf of all Physician Assistants and Nurse Practitioners who are improperly classified as "exempt" employees, and therefore deprived of overtime compensation, to recover all overtime pay due to them under federal law.  These persons include all current and former Physician Assistants and Nurse Practitioners employed at any of the Defendant's offices during the three years preceding the filing of this action.

11. Pursuant to the Defendant's uniform employment policies, Physician Assistants and Nurse Practitioners are classified as "exempt" and not paid for overtime.  During the class period, the employees at issue have consistently been denied overtime compensation. Defendant's non-compliance with the requirements of the FLSA was and is willful.

12. The Plaintiff and all other members of the collective action are paid by the Defendant exclusively on an hourly basis and are not paid a salary or fee.  They have received no overtime pay as required by law.

13. The Plaintiff and other class members are not professionally exempt because they do not meet the standard test (salary basis test) for such exemption.  The FLSA's exemption to the salary or fee requirement for employees who "practice medicine" does not apply to Physician Assistants or Nurse Practitioners.  *See Belt v. Emcare, Inc.*, 444 F.3d 403 (5th Cir. 2006).

14. The Plaintiff worked approximately 20 hours of overtime per week during the duration of her employment for which she was not paid an hourly rate or time-and-a-half under the FLSA. For this time, she is entitled to $96,750 in compensatory damages plus other relief afforded under the FLSA including double damages.

15. Upon information and belief, some evidence generally exists reflecting the number of overtime hours worked by each class member and the compensation rates for the

relevant work periods. While the Plaintiff is unable to state at this time the exact amount owing to the class, the Plaintiff proposes to obtain such information by appropriate and focused discovery proceedings to be taken promptly in this action, and requests that damages or restitution be awarded according to proof obtained and presented to the Court. When an employer fails to keep such time records, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer.

**COLLECTIVE ACTION ALLEGATIONS**

16. Paragraphs 1-15 are incorporated by reference as if fully set forth herein.

17. The Plaintiff brings this FLSA collective action on behalf of herself and all other persons similarly situated pursuant to 29 U.S.C. § 207 and 216(b), specifically as follows:

> All persons employed by the Defendant, in the state of Arizona, as Physician Assistants or Nurse Practitioners, within three years preceding the filing of this action, who were paid on an hourly basis and worked more than 40 hours in any given work week or, alternatively (pursuant to an agreement or understanding between the Defendant and such person) more than 80 hours in any given two-week period or more than 8 hours in any day during such two-week period, and were not paid overtime compensation by the Defendant.

The Plaintiff reserves the right to amend or refine the definition of the class following discovery of the Defendant's books and records.

18. The Plaintiff is unable to state the exact number of the class without discovery of the Defendant's books and records but estimates the class to be approximately 8 individuals.

19. There are questions of law and fact common to the class predominate over any questions affecting individual members only. These factual and legal questions include:

    a. Whether the Defendant's PAs and NPs were uniformly classified as exempt, in violation of the FLSA;

     b. Whether the Defendant failed to pay the Plaintiff and class members all overtime compensation due to them by virtue of their uniform designation of such employees as exempt;

     c. Whether the Plaintiff and class members worked overtime;

     d. Whether the Plaintiff and the class members were paid on an hourly basis;

     e. Whether the Plaintiff and class members fit within the FLSA's exception of the salary or fee requirement for employees who "practice medicine" '

     f. The correct statute of limitations for the Plaintiff's and the class members' claims;

     g. The correct method of calculating back overtime pay;

     h. Whether the Plaintiff and class members are entitled to compensatory damages, and if so, the means of measuring such damages;

     i. Whether the Defendant is liable for pre-judgment interest; and

     j. Whether the Defendant is liable for attorneys' fees and costs.

20. The Defendant has acted and refused to act on grounds generally applicable to the class.

21. The claims of the representative Plaintiff are typical of the claims in the class in that the Plaintiff was denied mandatory overtime wages as a result of the Defendant's uniform policy of treating its PAs and NPs as exempt employees. This is the predominant issue which pertains to the claims of each and every class member.

22. The collective action is superior to other available methods for a fair and efficient adjudication of the controversy.

23. The Plaintiff will fairly and adequately protect the interests of the class, as her interests are in complete alignment with those of the entire class, *i.e.*, to prove and then

eradicate the Defendant's illegal employment practices of not paying overtime wages to its PAs and NPs.

24. Counsel for the Plaintiff will adequately protect the interests of the class. Such counsel is experienced with employment/wage and hour litigation and is qualified to serve as class counsel.

25. The Plaintiff and the class she represents have suffered, and will continue to suffer, irreparable damage from the illegal policy, practice and custom regarding the Defendant's pay practices.

26. The Defendant has engaged in a continuing willful violation of the FLSA.

27. The Plaintiff, as well as the individuals she represents, was denied overtime compensation as a result of the Defendant's pay practices.

28. The Defendant's action in denying overtime wages to the Plaintiff was intentional and constitutes a willful violation of the FLSA.

## FLSA OVERTIME VIOLATION

29. Paragraphs 1-28 are incorporated by reference as if fully set forth herein.

30. At all relevant times, the Defendant has been an employer engaged in interstate commerce consistent with 29 U.S.C. §§ 206(a) and 207(a). At all relevant times, the Defendant employed the Plaintiff and each member of the collective action class consistent with the terms of the FLSA.

31. At all relevant times, the Defendant has had annual gross revenues in excess of $500,000.

32. As a consequence of the Defendant's employment practices regarding its PAs and NPs, the Plaintiff and the class have been denied statutory overtime wages.

33. The Plaintiff and the class are employees or were employees of the Defendant within the meaning of the FLSA and, as such, are entitled to the benefits of the FLSA's overtime wage requirements.

34. The Defendant's policy of not paying its PAs and NPs overtime wages represents and results in a willful violation of the FLSA's minimum wage requirements.

35. The Defendant has failed to pay appropriate overtime wages under the FLSA.

WHEREFORE, the Plaintiff respectfully requests:

A. All applicable statutory damages;

B. A declaration that the Defendant has violated the FLSA;

C. An Order designating this action as a collective action and directing the issuance of notice pursuant to 29 U.S.C. § 216(b);

D. An Order appointing the Plaintiff and her counsel to represent those individuals opting-in to the collective action;

E. An Order awarding attorneys' fees and costs; and

F. All other relief that the Court deems appropriate.

The Plaintiff demands a jury trial on her claim for relief under the FLSA.

DATED this 19th day of October, 2011.

BARSKI DRAKE PLC

By: __/s/ Chris D. Barski – 024321 __
Chris D. Barski
Attorney for Plaintiff